UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYCE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00080-SEP |
| | ) |
| SAMUEL TORSHEIN, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Bryce Davis's motion for leave to proceed *in forma pauperis*. Doc. 2. For the reasons set forth below, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Moreover, having reviewed the Complaint, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### INITIAL PARTIAL FILING FEE

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward those monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at the Butler County Justice Center. Doc. 1 at 2. Plaintiff's motion to proceed *in forma pauperis* states that he has no job, no income, no assets, and no money in his prison account. Doc. 2 at 1-2. In support of his motion, Plaintiff submitted a jail inmate account statement, but the statement shows only account transactions for a one-month period. Doc. 3. Based on the information submitted, the Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee

1

and will therefore assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### THE COMPLAINT[1]

Plaintiff brings this action under 42 U.S.C. § 1983 against three correctional officers employed at the Justice Center—Samuel Torshein, Cody Collem, and Taylor Whitely, all in their individual and official capacities—and alleges that Defendants violated his constitutionally protected civil rights.  Doc. 1.

Plaintiff writes on his complaint:  "Today is 5-20-2022 and I have just now today been able to fill out a grievance about what happened to me. . . .  The Grievance number is 493780, the time I filed it was 14:27:19 pm and the date is 5-20-2022."  Doc. 1 at 12.  Under the Complaint's section for 'Exhaustion of Administrative Remedies/Administrative Procedures,' asked what result he received from his grievance filing, Plaintiff states:  "I have yet to know.  They are electronically filed and answered.  I have yet to receive an answer."  *Id.* at 16.  He states that he has not appealed any grievance decision because he has not yet received an answer that he can appeal.

### DISCUSSION

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory for all suits about prison life, and it is a prerequisite to bringing a federal lawsuit.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The exhaustion requirement applies regardless of whether administrative procedures provide the prisoner relief.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "An inmate satisfies § 1997e(a) by pursuing 'the prison grievance process to its final stage' to 'an adverse decision on the merits.'"  *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (quoting *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)).

---

[1] For the purposes of this motion, the Court assumes that the factual allegations in the Complaint, Doc. 1, are true.  *See Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

The Eighth Circuit has recognized that an inmate must exhaust administrative remedies before filing suit and has instructed that district courts look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion occurred. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). If a prisoner has not exhausted his administrative remedies at the time he files his civil action, the court must dismiss the action. *Id.*

Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for dismissal under failure to state a claim for relief when the allegations in the complaint sufficiently establish that ground).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, including allegations of excessive force like Plaintiff's here. *See Nussle*, 534 U.S. at 525-32. In this case, it is clear from the face of the Complaint that Plaintiff did not exhaust administrative remedies before initiating this action as to the claims he now seeks to bring. Plaintiff does not allege that there are no available remedies, nor that any prison official's action or omission prevented him from using the grievance procedure. Rather he states that he filed his first grievance about this matter on the same day that he wrote his Complaint, and that he was awaiting a grievance response that he could appeal. Because Plaintiff did not his exhaust administrative remedies before initiating this action, the Court must dismiss it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

3

**IT IS FURTHER ORDERED** the Complaint is **DISMISSED without prejudice**. The Clerk shall not issue process or cause process to issue upon the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add parties (Doc. 5) is **DENIED as moot**.

A separate Order of Dismissal will be issued herewith.

Dated this 19th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE